145 F.3d 1338
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Lawrence J. JENKINS, Plaintiff-Appellant,
v.
Olivia CRAVEN-WEST, Executive Director, Idaho Commission for
Pardons and Parole; Jacqueline Hill, (former) Idaho Parole
Violation Hearing Officer; Officer Lommori, Sacramento
California City Police Officer, Badge # 632; John Doe,
Sacramento, California City Police Officer, partner to
Officer Lommori on January 22, 1994; Any John/Jane Doe
Supervisors of Officer Lommori; Larry Wright, Warden, South
Idaho Correctional Institution; Tim Gerany, Senior Idaho
Parole Officer; Lynn Guyer, Idaho Parole Officer,
Defendants-Appellees.
 
 No. 97-35804.
D.C. No. CV-96-00209-EJL.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 14, 1998**.
Decided May 20, 1998.
 Appeal from the United States District Court for the District of Idaho Edward J. Lodge, District Judge, Presiding.
 Before SCHROEDER, TROTT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Lawrence J. Jenkins, an Idaho state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action alleging: (1) that the state of Idaho waived jurisdiction over his parole violation; (2) that the Idaho Commission for Pardons and Parole abused its authority in it's prosecution of his parole violation; (3) that Idaho state was barred from further action on the parole violation by the doctrines of quasi-estoppel and judicial estoppel; and (4) that the defendant police officers conspired with the Idaho Department of Corrections to have Jenkins extradited to Idaho in violation of his constitutional rights.
 
 
 3
 We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo. See Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994). The district court ruled that because Jenkins' section § 1983 claim necessarily implied the invalidity of the revocation of his parole and sentence, it was barred by Heck v. Humphrey, 512 U.S. 477, 487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). We agree. See id.
 
 AFFIRMED.[1]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Appellee's request for judicial notice is granted